UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES GREGORY FRANKLIN, JR.                    CIVIL ACTION

VERSUS                                          NUMBER: 17-12108

ANDRE NELSON, ET AL.                           SECTION: "B" (5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, James Gregory Franklin, Jr., against Defendants, Deputies Andre Nelson and Gavin Lyvers of the Jefferson Parish Sheriff's Office ("JPSO") and JPSO itself. (Rec. docs. 1, pp. 1, 4; 3). Plaintiff, an inmate of the Jefferson Parish Correctional Center ("JPCC") at the time that suit was filed, complained of the alleged use of excessive force against him at the time of his arrest on March 26, 2017. (Rec. doc. 1, pp. 2-5).

After issue was joined, by order dated January 10, 2018 ("Briefing Order") Plaintiff was directed to file in the record of this proceeding, on or before February 12, 2018, a statement of the facts to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses. (Rec. docs. 5, 6). When Plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before April 20, 2018, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 9). In the interim, consistent with the terms of the order allowing Plaintiff to proceed *in forma pauperis* in this matter, by correspondence dated February 23,

2018, JPCC personnel advised the Court that Plaintiff had been released on bond on January 20, 2018. (Rec. doc. 8). As of today's date, Plaintiff has not responded to the Rule to Show Cause, nor has he provided the Court with the information required by the Briefing Order. Plaintiff has also failed to keep the Court apprised of a current mailing address as he is required to do.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. *Markwall v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). As Plaintiff is proceeding *pro se* in this matter, the Court must consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

In addition, Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to promptly notify the court of any address … change." The practical considerations that the Local Rule was intended to address were touched upon by the Fifth Circuit years ago:

> "It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to

>keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing."
>
> *State v. Shannon*, No. 87-CV-3951,<br>1988 WL 54768 at *1 (E.D. La. May 23, 1988)<br>(quoting *Perkins v. King*, No. 84-3310,<br>slip. op. at *4 (5th Cir. May 19, 1985)).

Simply put, Local Rule 11.1 imposes an affirmative obligation on parties like Franklin to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. [1]/ *See Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n. 1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *St. Juniors v. Burgess*, No. 15-CV-0350, 2016 WL 4368230 (E.D. La. Aug. 16, 2016); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. Mar. 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).

The Court has endeavored to take those steps necessary to place Plaintiff's case in a proper posture to be litigated to its completion. Unfortunately, those efforts have been hampered by the inaction of Plaintiff in responding to the Court's Briefing Order and the Rule to Show Cause. Plaintiff has also failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the second declaration appearing on page five of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice. (Rec. doc. 1, p. 5). Indeed, not only did Plaintiff sign his complaint

---

[1]/ While the vast amount of court-generated information is transmitted to litigants electronically via the CM/ECF system, communications with *pro se* parties are still conducted primarily by mail.

immediately below the foregoing declaration, he separately initialed each of the four subparts of the declaration. (*Id.*). Plaintiff's inaction in this regard has deprived the Court of the ability to communicate with him and, consequently, to advance his case on the docket. As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to him alone. Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this 23rd day of April, 2018.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.